IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION



UNITED STATES OF AMERICA

v.

███████████████

KENISHA SIMMONS (5)

§
§
§
§
§
§
§
§
§
§
§

**SEALED**

Case No. 4:22CR 26

Judge Jordan

**FILED**

FEB 9 – 2022

Clerk, U.S. District Court
Texas Eastern

**INDICTMENT**

THE UNITED STATES GRAND JURY CHARGES:

**General Allegations**

At all times material to the facts set forth in this Indictment:

1.    Defendant ████████████████████ was an individual residing in Frisco, Texas, in the Eastern District of Texas.

2.    On or about April 28, 2017, ████ registered Eon Green Technologies, LLC ("EGT") with the state of Texas.   On or about July 7, 2017, ████ opened a business bank account at Wells Fargo Bank ending in 6473 ("EGT account"), under the name of EGT, listing ████████ as the sole authorized signer.

3.    On or about August 26, 2019, defendant ████████ registered a business called Tech Space, LLC ("Tech Space") with the state of Florida.   On or about

Indictment
Page 1 of 12

June 3, 2020, ▮▮▮▮ opened a business bank account at JP Morgan Chase Bank ending in 1552, under the name of Tech Space, listing ▮▮▮▮▮▮▮ as the sole authorized signer.

4.     On or about June 2, 2020, ▮▮▮▮ opened a personal account at JP Morgan Chase ending in 1621 ("▮▮▮▮s personal account"), listing ▮▮▮▮▮▮ as the sole authorized signer.

5.     On March 27, 2020, the President of the United States signed into law the Coronavirus Aid, Relief, and Economic Security ("CARES") Act to provide emergency financial assistance to the millions of Americans suffering from the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through the Paycheck Protection Program ("PPP"). Another source of relief was the Economic Injury Disaster Loan ("EIDL") program, which was designed to provide assistance to businesses suffering temporary loss of revenue because of the pandemic.

6.     The PPP was managed by the United States Small Business Administration ("SBA"). To obtain a PPP loan, the small business, through its authorized representative, was required to certify and provide documentation of, among other things, its: (a) average monthly payroll expenses; and (b) number of employees.

7.     Small businesses applied for PPP relief through one of over 4,900 SBA designated lending institutions, who received, processed, and approved the applications

Indictment
Page 2 of 12

and loans.   These designated lending institutions included financial institutions like Cross River Bank, WebBank, Paypal, Celtic Bank, and JP Morgan Chase.   All of these institutions' funds were insured by the Federal Deposit Insurance Corporation ("FDIC").

8.    The EIDL program was also overseen by the SBA.   Unlike PPP loans, EIDL loans were funded directly by the SBA.   To obtain an EIDL loan, the small business, through its authorized representative, was required to certify and provide documentation of, among other things, its: (a) gross revenues for the twelve months preceding January 31, 2020; (b) cost of goods sold during that time period; and (c) number of employees as of January 31, 2020.

## COUNT 1

Violation: 18 U.S.C. § 1349 (Conspiracy to Commit Bank Fraud)

5.    From approximately March 27, 2020, and continuing through the date of this Indictment, in the Eastern District of Texas and elsewhere, the defendants, ███████████, ███████████████████████████████, **Kenisha Simmons**, and ███████ ███████████, along with others both known and unknown to the Grand Jury, did conspire to commit bank fraud, a violation of Title 18 United States Code Section 1344, and knowingly and willfully joined in the agreement with the intent to further its unlawful purpose.

## Overview of the Conspiracy

6.      The defendants, led by ▮▮▮▮▮▮▮▮ executed a scheme to defraud the PPP and EIDL programs.  The defendants created and registered sham businesses that they used to submit applications to obtain PPP and EIDL funding.  On these applications, the defendants misrepresented material information such as the true nature of their business, the number of employees, the amount of payroll, and revenue lost during the pandemic. Based on these material misrepresentations, the SBA and other financial institutions approved and issued loans to the defendants.  Once in receipt of the fraudulently obtained funds, the defendants never used the money as intended, such as to pay employee salaries, cover fixed debt or utility payments, or continue health care benefits for employees. Instead, the defendants paid each other, transferred money to their personal accounts, and spent the funds on various personal purchases.  In total, the defendants fraudulently obtained at least 19 loans and at least $2.7 million.

## Purpose of the Conspiracy

7.      It was the general purpose of the conspiracy for the defendants to unlawfully and unjustly enrich themselves by means of materially false and fraudulent pretenses, representations, and promises.

## Manner and Means of the Conspiracy

8.      The manner and means by which the defendants sought to accomplish the purpose of the conspiracy included, among others, the following:

a.    The defendants created, registered, and used sham, non-operational businesses

Indictment
Page 4 of 12

under which they could submit PPP and EIDL applications.

b. The defendants opened bank accounts under their name and their businesses to receive, deposit, and transfer PPP and EIDL funds.

c. The defendants submitted materially false PPP and EIDL applications, lying about, among other things, the number of employees, monthly payroll expenses, and gross revenues.

d. The defendants submitted falsified and fabricated supporting documentation with their loan applications.

e. The defendants submitted the applications using the internet, frequently from an internet protocol address that resolved back to ▮▮and ▮▮▮▮▮▮ residence in Frisco, Texas, in the Eastern District of Texas.

f. The defendants used the PPP and EIDL funds for unauthorized purposes, including to pay non-employees and co-conspirators, to withdraw cash, and to buy vehicles.

g. The defendants obtained the PPP loans from financial institutions that were insured by the FDIC.

## Acts in Furtherance of the Conspiracy

In furtherance of the conspiracy, the following acts, among others, were committed in the Eastern District of Texas and elsewhere.

### *The Fraudulent PPP Application for Tech Space*

9. On or about June 5, 2020, Tech Space submitted a PPP loan application to Celtic Bank. The application was submitted electronically from an IP address that resolved to defendants ▮▮ and ▮▮▮▮▮▮ residence in Frisco, Texas, in the Eastern District of Texas. On or about June 7, 2020, Celtic Bank rejected the application and informed Tech Space that it would not fund the loan.

10.     Despite being rejected, on or about June 15, 2020, Tech Space attempted again to obtain a PPP loan.    This time, Tech Space submitted the application to a different PPP processing institution, PayPal. The application paperwork identified █████████ as the primary contact and provided the Tech Space account as the bank account to receive the funds.

11.     The application contained several misrepresentations regarding Tech Space's business operations and its need for pandemic relief.    For instance, the application certified that Tech Space had 9 employees and had an average monthly payroll expense of approximately $61,237.    In reality, Tech Space had no verifiable business activity, had no employees other than █████████, and had no payroll or other identifiable business expenses.

12.     The application was signed and initialed by █████████.    On one signed page, █████████ certified the following the statement:

> The funds will be used to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments as specified under the Paycheck Protection Program Rule; I understand that if the funds are knowingly used for unauthorized purposes, the federal government may hold me legally liable, such as for charges of fraud.

13.     In support of its application, Tech Space also attached a fabricated bank statement for the Tech Space account showing the company's purported financial activity. The account statement was dated for the period May 1-29, 2020.    However, the Tech Space account was actually opened on June 3, 2020, after the period indicated on the statement.    Furthermore, the transactions on the account statement—beginning balance, ATM and debit card withdrawals, electronic withdrawals, fees, and ending balance—were

Indictment
Page 6 of 12

nearly identical to *another* bank statement for a *different* business, Mills Pharmacy, affiliated with co-conspirators ███████████ and ███████████████.

### Use of Fraudulently Obtained Funds

14. On or about June 16, 2020, PayPal, approved Tech Space's application and wired approximately $153,092 to the Tech Space bank account. The funds were never used according to the representations or certifications stated in the application. There were no debits from the Tech Space account for mortgage interest payments, lease payments, utility payments, or other approved expenses. Instead, ████████ made several transfers from the Tech Space account to Jackson's personal account, with the notation "payroll." Once the funds had been transferred to Jackson's personal account, ████████ made multiple transfers to ████████ EGT account totaling at least $35,000. At the end of September 2020, less than four months after obtaining the loan, the ending balance in the Tech Space account was $562.

### Other Fraudulent PPP and EIDL Loans

15. The defendants and their co-conspirators obtained several other PPP and EIDL loans using similar misrepresentations. None of the funds were used for the designated purposes, such as employee payroll, health care benefits, or utilities payments. The funds were spent on various non-business expenses, including to pay co-defendant and co-conspirator ████████████. The chart below captures some of the loans the defendants obtained as part of their scheme:

| Date of Loan (on or about) | Business Name | Application Signer and Funds Recipient | PPP/ EIDL | Amount Funded (Approximate) | Amount Sent to Clethen Using Funds (Approximate) |
|---|---|---|---|---|---|
| May 18, 2020 | Eon Green Technologies | █████ | EIDL | $150,000 | $150,000 |
| May 22, 2020 | Ace Pharmacy | █████ | PPP | $56,704 | $5,000 |
| June 9, 2020 | Clearvue Entertainment & Agency | █████ | PPP | $143,642 | $6,000 |
| June 11, 2020 | KayStylez | **Kenisha Simmons** | PPP | $141,070 | $52,000 |
| June 15, 2020 | Tech Space | █████ | PPP | $153,092 | $35,000 |
| June 22, 2020 | U'Nique Tech Beauty Bar | █████ | PPP | $160,280 | $72,800 |

16.    In sum, the defendants obtained at least 19 loans, fraudulently drawing on at least $2.7 million of funds that were earmarked for emergency pandemic relief.

All in violation of 18 U.S.C. § 1349.

Indictment
Page 8 of 12

## **Count Two**

Violation: 18 U.S.C. § 371, 1014
(Conspiracy to Make False Statements
on Loan and Credit Applications)

17.    Paragraphs 1 through 16 of this Indictment are realleged and incorporated by reference as though fully set forth herein, as constituting and describing the defendants' and co-conspirators' fraudulent scheme and the overt acts taken in furtherance of that scheme.

18.    From on or about March 27, 2020 and continuing through the date of this Indictment, in the Eastern District of Texas and elsewhere, the defendants, ███████████, **Kenisha Simmons**, and ███████, did knowingly combine, conspire, and agree with each other and with other persons known and unknown to the Grand Jury to commit the offense of making false statements on loan and credit applications, in violation of Title 18 United States Code Section 1014.

All in violation of 18 U.S.C. § 371.

Indictment
Page 9 of 12

## Count Three

Violation: 18 U.S.C. § 1956(h)
(Conspiracy to Commit Money
Laundering)

19.    Paragraphs 1 through 16 of this Indictment are realleged and incorporated by reference as though fully set forth herein, as constituting and describing the defendants' and co-conspirators' fraudulent scheme.

20.    From on or about March 27, 2020 and continuing through the date of this Indictment, in the Eastern District of Texas and elsewhere, the defendants, █████████████, █████████████████████████████████, **Kenisha Simmons**, and ████████ ████████ did knowingly combine, conspire, and agree with each other and with other persons known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit:  to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, bank fraud in violation of Title 18 United States Code Section 1344, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

All in violation of 18 U.S.C. § 1956(h).

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

1.     The allegations contained in Count One, Two, and Three are hereby realleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeitures to the United States of America of certain property in which the defendant has an interest.

2.     Upon conviction of any violation of 18 U.S.C. §§ 1349, 371, or 1956, the defendants shall forfeit to the United States any property, real or personal, that constitutes or is derived from proceeds traceable to a violation of any offense constituting "specified unlawful activity," or a conspiracy to commit such offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

3.     The property which is subject to forfeiture, includes but is not limited to the following:

   a.   All funds subject to forfeiture in bank accounts receiving or transferring the fraudulently obtained proceeds; and

   b.   A money judgment, and all interest and proceeds traceable thereto, representing the proceeds of the offenses, for which the defendant is jointly and severally personally liable, including a money judgment.

4.     Pursuant to 21 U.S.C. § 853(p), as incorporated by reference by 18 U.S.C. § 982(b), if any of the forfeitable property, or any portion thereof, as a result of any act or omission of the defendant:

   a.   cannot be located upon the exercise of due diligence;

   b.   has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek the forfeiture of other property of the defendants up to the value of the above-described forfeitable properties, including, but not limited to, any identifiable property in the name of the defendants.

5.    By virtue of the commission of the offenses alleged in this indictment, any and all interest the defendants have in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(2)(A) and 28 U.S.C. § 2461(c).

All pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(2)(A) and 28 U.S.C. § 2461(c), and the procedures set forth at 21 U.S.C. § 853, as made applicable through 18 U.S.C. § 982(b)(1).

A TRUE BILL

_____
GRAND JURY FOREPERSON

BRIT FEATHERSTON
UNITED STATES ATTORNEY

_____
ANAND VARADARAJAN
G.R. JACKSON
Assistant United States Attorneys

2 / 9 / 22
_____
Date

Indictment
Page 12 of 12

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | **SEALED** |
| | § | |
| v. | § | Case No. 4:22CR |
| | § | Judge |
| ALEXANDER J. CLETHEN (1) | § | |
| LAURA CLETHEN (2) | § | |
| JAVARIS JACKSON (3) | § | |
| PATRICIA McCLENDON (4) | § | |
| KENISHA SIMMONS (5) | § | |
| JALEESA THOMPSON (6) | § | |

## NOTICE OF PENALTY

### COUNT 1

Violation:    18 U.S.C. §§ 1349, 1344 (Conspiracy to Commit Bank Fraud)

Penalty:    Not more than thirty years imprisonment, a fine not to exceed $1,000,000, or both; supervised release of not more than five years.

Special
Assessment:    $100.00

### COUNT 2

Violation:    18 U.S.C. § 371, 1014 (Conspiracy to Make False Statements on Loan and Credit Applications)

Penalty:    Not more than five years imprisonment, a fine not to exceed $250,000, or both; supervised release of not more than three years.

Special
Assessment:    $100.00

Notice of Penalty
Page 1

## <u>COUNT 3</u>

<u>Violation</u>:   18 U.S.C. §§ 1956(h) (Conspiracy to Commit Money Laundering)

<u>Penalty</u>:    Imprisonment for a term not more than twenty years, a fine not to exceed $500,000, or twice the value of the property involved in the transaction, whichever is greater, or both imprisonment and fine; supervised release of not more than three years.

<u>Special Assessment</u>:    $100.00

Notice of Penalty
Page 2